BEER, Judge.
Addie McDonald and her husband sued South Central Bell, alleging that Mrs. McDonald was injured when she tripped and fell over an improperly installed telephone wire at the family residence in April, 1976. A supplemental and amending petition joined John B. Hinyup, owner of the premises, as an additional defendant. Hinyup successfully argued a peremptory exception of prescription and is not involved in this appeal. Trial before a jury resulted in a 9-3 verdict in favor of the plaintiffs for a total of $165,000. South Central Bell appeals, contending that Mrs. McDonald’s *MCXXV many disabilities are not related to the tripping incident and, further, that admission into evidence of certain allegedly irrelevant and immaterial documents was both confusing and inflammatory and provoked an erroneous verdict in favor of plaintiff. Ap-pellees answer the appeal, seeking an increase in the award.
Essentially, South Central Bell claims that the McDonalds fabricated the story that Mrs. McDonald tripped over their wire. Alternatively, they contend that if she did trip and fall, her deteriorated physical condition at the time of trial was not related or in any way attributable to such event.
Acknowledging — at least for the purpose of making their strongest argument — that there was at least some evidence upon which the 9-3 jury verdict could be supported, South Central Bell urges reversal, notwithstanding, on the ground that the trial judge abrogated his judicial responsibility by allowing the admission of irrelevant and inflammatory evidence. They argue that such incorrect admissions were critical in that they improperly swayed and prejudiced the jury in its primary role as fact finder regarding the actual happening of the accident itself.
The two disputed documents (a collection letter from Bell’s attorney to the McDonalds and a document in Bell’s file with notations about a request, 13 days after the accident, for reconnecting service without payment of the past due bill because of the company’s “negligence”) were irrelevant to the issue in this case and should not have been admitted into evidence. Thus, the admission of the collection letter, without same being in any way conditioned by instructions from the court, at the very least precipitated remarks by counsel for McDonald which, left standing (as they were here), were inflammatory. Specifically, we refer to plaintiff’s counsel’s closing argument, as follows:
“I show you this document today. I want you to note that for every other entry, we got this from the phone company, that there is notations on the day right at the top. It starts ‘due to claim of telephone company negligence — ’ where is the entry before that? Where is the piece of paper that goes before that? I think you can infer what that piece of paper says was that the phone cut was due to claim of the company negligence. I think you can follow that up with a subsequent harrassment of Mrs. McDonald. To give you the kind of idea of the kind of treatment they give to their subscriber, they showed no interest in what happened to her.”
It is virtually impossible for us to accurately determine whether or not this sort of unchecked, inflammatory argument was a persuasive factor in the jury room deliberation of at least one of the nine jurors who voted in favor of a plaintiff’s verdict.
How, then, can we, within the range of our appellate responsibility, reach a satisfactory conclusion with respect to this issue?
Under these circumstances, it is our view that we can only do so by a careful consideration of the evidence, taking into account the closeness of the jury verdict.
A review of the testimony — witness by witness — leads us to conclude that the evidence can support either the plaintiff’s or the defendant’s position in this litigation, or, stated another way, does not fail to support the plaintiff’s version. Accordingly, were it not for the contentions of error raised with respect to the trial improprieties noted above, we would be obliged to conclude that the record supports the jury verdict with respect to liability.
Thus, the meat of the coconut on this appeal is whether the trial improprieties could be said to have categorically affected at least one of the jurors who voted in plaintiff’s favor. We cannot conclude that this is the case, taking into careful consideration the presumption of regularity that must attach to the performance of a juror’s basic duty as a finder of facts. When we attempt to determine, as best we can, the effect of these trial irregularities upon the basic question, “Did she trip on the improperly installed telephone wire,” we cannot conclude that any of the plain *MCXXVI tiff-voting jurors were so improperly persuaded to an erroneous conclusion with respect to the basic factual issue here present as to form a proper basis for reversible error.
Questioning the $165,000.00 award on the basis of causation, Bell argues that the office records of the doctor Mrs. McDonald consulted after the April 6, 1976 accident did not reflect any complaints of back pain until five weeks later. That doctor had performed gall bladder surgery on Mrs. McDonald a few weeks before the accident, and he attended her in the hospital from April 15 to 17, recording complaints of incisional pain following a fall the previous week. Since Mrs. McDonald’s primary worry after the fall was injury at the site of the incision, the absence of notes in the office records of pain specifically originating in the low back has relatively insignificant bearing on the determination of causation. Moreover, Mrs. McDonald subsequently consulted another doctor specifically for back pain on May 12,1976, and the myelogram and the first back surgery were performed in August and September, after the pain continued to worsen.
Basically, everything that has been noted above regarding the question of liability is equally applicable regarding quantum. The judgment is affirmed, at appellant’s cost.

AFFIRMED.